■ In the Matter of the Claim of JOHN J. MENDYGRAL, Appellant, against LISMORE BAR AND GRILL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals, denied, without costs. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds JJ.

■ In the Matter of the Claim of MOLLIE PADULA, Respondent, against D. ARNOLD Co. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer-carrier from award relieving the Special Fund for Reopened Cases under section 25-a of liability in connection with accidental injuries sustained in 1945. The decedent in May, 1945, underwent an operation for a *bilateral inguinal hernia* unrelated to his employment. Upon his return to work and on November 12, 1945 he sustained a compensable injury resulting in a sharp tearing pain at the site of the prior operation. This resulted in a *second inguinal hernia* operation in November of the same year. The case was closed in March, 1946. In 1948 he had another compensable accident which resulted in an operation for a hernia on the left side. He had additional operations for recurrences and in 1955 complications developed as the result of an exploratory operation causing the death of the decedent on April 27, 1955. The doctor testified he died not from a hernia operation but because of complications resulting therefrom. From reading the medical testimony, there is confusion as to which 1945 accident it relates and it should be clarified and more fully developed. While no appeal is taken from the decision as to subdivision 8 of section 15 of the Workmen's Compensation Law a re-examination and development of the medical testimony may demonstrate a permanent condition. To make proper finding the medical testimony needs to be more definite and certain. Decision and award reversed and matter remitted, with costs, to the appellant against the Special Fund. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of CHARLES PAVLIDIS.— Decision of this court, handed down February 5, 1959 (*ante,* p. 954), vacated, an answering affidavit having been received and accepted, and motion to dismiss the appeal granted, without costs, unless appellant perfects appeal, files note of issue, and files and serves record and brief on or before March 31, 1959, and is ready for argument at the April Term of this court, in which event the motion is denied. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.

■ OGDEN J. Ross et al., Appellants, v. CITY OF ROCHESTER et al., Respondents.— Motion to dismiss appeal denied, without costs. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.

■ In the Matter of HRAD TASHJIAN, Respondent. ISADOR LUBIN, as Industrial Commissioner of the State of New York, Respondent. LEE LETTER SERVICE, Appellant.— Motion to dismiss appeal granted. Motion for the allowance of attorney's fees in the sum of $150 to Daniel Jacobs, Esq., granted in accordance with section 538 (subd. 1, par. [e]) of the Labor Law. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.